IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:13CR282 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC GOOCH, | ) | MOTION FOR APPOINTMENT OF |
| | ) | COUNSEL |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Steven M. Dettelbach, United States Attorney, and M. Kendra Klump, Assistant United States Attorney, and hereby moves this Honorable Court to appoint full-time counsel for Defendant Eric Gooch pursuant to Title 18, United States Code, Section 4247, and *United States v. Ross*.

**I.     PROCEDURAL HISTORY**

The Indictment filed in this case charges Defendant Eric Gooch with conspiracy to Interfere with Commerce by Means of Robbery (18 U.S.C. §§ 1951(a) and 2), Interference with Commerce by Means of Robbery (18 U.S.C. §§ 1951(a) and 2), Armed Bank Robbery (18 U.S.C. §§ 2113(a), 2113(d), and 2) and Brandishing a Firearm During and In Relation to Crimes of Violence (18 U.S.C. §§ 924(c)(1)(A) and 2). (Docket #11). At a hearing held on November 26, 2014, Attorney Jeffrey Hastings (who had previously represented Defendant) was appointed

as advisory or standby counsel for Defendant, who was permitted by the Court to proceed *pro se*. (Docket entry dated November 26, 2014).

On December 9, 2014, Defendant filed a motion for a competency evaluation. (Docket #72). At a hearing held on January 16, 2015, the Court granted Defendant's motion. (Docket entry dated January 16, 2015). A written Order followed shortly thereafter, ordering an examination to be conducted. (Docket #73). A competency hearing is scheduled for April 29, 2015. (Docket entry dated April 23, 2015).

## II.   DISCUSSION

A criminal defendant must have counsel representing him or her at a competency hearing. Section 4247 of Title 18, United States Code, sets forth procedures relating to competency evaluations. More specifically, subsection (d) directs as follows: "At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing *shall* be represented by counsel…." 18 U.S.C. § 4247(d) (emphasis added). The Sixth Circuit has recognized that this statutory requirement is mandatory. *United States v. Ross*, 703 F.3d 856, 868-69 (6th Cir. 2012). Indeed, a district court "commit[s] error in failing to appoint counsel to represent" a defendant at a competency hearing. *Id.* at 869. In addition, failure to appoint counsel for a competency hearing violates a defendant's Sixth Amendment right to counsel. *Id.* "[T]he Constitution requires a defendant to be represented by counsel at his own competency hearing, even if he has previously made a knowing and voluntary waiver of counsel." *Id.* at 871; *see also United States v. Martin*, 2015 WL 1727425, at *3 (6th Cir. Apr. 15, 2015). Failure to ensure that a defendant is effectively represented at a competency hearing may result in a reviewing court vacating any subsequent conviction. *See, e.g., Martin*, 2015 WL 1727425 at *5 (vacating conviction and sentence after concluding that defendant was "completely deprived of counsel during his competency hearing"); *see also Ross*, 703 F.3d at 874 (noting that if the district court

would find on remand that defendant had been deprived of counsel, the conviction and sentence would be vacated).

### III. CONCLUSION

Based on the reasons set forth above, the United States respectfully requests that this Court appoint fulltime counsel for Defendant for the scheduled competency hearing.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney

By: /s/ M. Kendra Klump
M. Kendra Klump (CO: 43382)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3689
(216) 522-2403 (facsimile)
Kendra.Klump@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2015 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ M. Kendra Klump
M. Kendra Klump
Assistant U.S. Attorney