IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:13CR282 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC GOOCH, | ) | MOTION IN LIMINE TO EXCLUDE |
| | ) | EVIDENCE OF INSANITY |
| Defendant. | ) | |

The United States of America, by and through its attorneys, M. Kendra Klump and Michelle M. Baeppler, Assistant United States Attorneys, hereby submits this Motion in Limine to Exclude Evidence of Insanity.

I. **PROCEDURAL BACKGROUND**

On June 5, 2013, a 7-count indictment was filed, charging Defendant Eric Gooch with three armed robberies, a conspiracy to commit one of the armed robberies, and three firearm counts. (Docket #11). On June 11, 2014, Defendant, through his then counsel, submitted notice of intent to present evidence of not guilty by reason of insanity under Federal Rule of Criminal Procedure 12.2(a). (Docket #54). The United States then filed a motion for a sanity evaluation pursuant to Rule 12.2(c)(1)(B) and 18 U.S.C. § 4242. (Docket #55). The Court granted this motion in an Order issued on June 16, 2014. (Docket #56).

The Bureau of Prisons conducted an evaluation and reported its findings to the Court in a report dated October 10, 2014. In that report, the BOP examiner concluded that at the time of the charged offenses, the Defendant did not suffer from any severe mental disease or defect such that he would have been unable to appreciate the nature and quality or wrongfulness of his actions.

On October 27, 2014, Defendant withdrew his earlier notice of intent to introduce evidence of insanity. (Docket #68). No additional filings have been made on the subject.

Trial in this matter is scheduled for August 17, 2015.

## II.    APPLICABLE LAW

Federal law defines the affirmative defense of insanity. Section 17(a) of Title 18 provides:

> It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

18 U.S.C. § 17(a). The statute thus limits the scope of properly-admissible evidence regarding mental disease or defect. The statute places the burden on the defendant "of proving the defense of insanity by clear and convincing evidence." 18 U.S.C. § 17(b).

"Irrelevant evidence is not admissible." FED. R. EVID. 402. Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . confusing the issues . . . [or] misleading the jury." FED. R. EVID. 403. Section 17(a) provides the framework under which the relevance of any evidence regarding insanity should be examined. Relevant evidence would address (1) the existence of a "mental disease or defect," (2) the severity of any such disease or defect, or (3) the ability of such a condition to impact an individual's ability to perceive "the nature and quality or the wrongfulness of" his or her acts. 18 U.S.C. § 17(a); Sixth

2

Circuit Pattern Jury Instruction 6.04 (2013); *see also* FED. R. EVID. 704(b) ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element . . . of a defense.").

Before he may argue an affirmative defense or be entitled to such jury instructions, a defendant must make a *prima facie* showing that he can produce evidence of each of the elements of the defense. *United States v. Johnson*, 416 F.3d 464, 467-68 (6th Cir. 2005). "[W]here the evidence is insufficient as a matter of law to support a[n] [affirmative] defense, a trial judge should exclude that evidence." *Id.* at 468. "When . . . the issue is raised in a pretrial motion, the rule is to be applied just the same: if the defendant's proffered evidence is legally insufficient to support [the affirmative] defense, the trial judge should not allow its presentation to the jury." *Id.*

In general, a defendant is entitled to a relevant jury instruction on an affirmative defense as long as it "finds some support in the evidence and in the law," even if that evidence "is weak or of doubtful credibility." *Id.* at 467 (internal quotations and citations omitted). In the context of the insanity defense, however, the defendant must prove his defense by "clear and convincing evidence." 18 U.S.C. § 17(a). "[T]his statutorily imposed higher burden of proof calls for a correlating higher standard for determining the quantum of evidence necessary to entitle a defendant to such an instruction." *United States v. Long Crow*, 37 F.3d 1319, 1323 (8th Cir. 1994). Numerous Circuits therefore have held that an insanity instruction is required only "when the evidence would allow a reasonable jury to find that insanity has been shown with *convincing clarity*." *United States v. Owens*, 854 F.2d 432, 435 (11th Cir. 1988) (emphasis added); *see also United States v. Long*, 562 F.3d 325, 331 (5th Cir. 2009) ("a court may 'withhold the insanity instruction if it concludes that the relationship between a defendant's mental illness history and

3

his criminal conduct has not been explained or examined in *any meaningful way*'") (internal citation omitted; emphasis in original); *Long Crow*, 37 F.3d at 1323 (8th Cir.) (quoting *Owens*, 854 F.2d at 435-36); *United States v. Denny-Shaffer*, 2 F.3d 999, 1015-16 (10th Cir. 1993) (same). When assessing the evidence at this preliminary stage, the Court views the evidence in the light most favorable to the defendant. *Long Crow*, 37 F.3d at 1323; *Owens*, 854 F.2d at 436.

### III.    DISCUSSION

As set forth above, Defendant has withdrawn his notice of intent to raise the defense of Not Guilty by Reason of Insanity. (Docket #68). Nor has Defendant proffered any evidence (1) that he suffered from a "mental disease or defect" at the time of the offenses, (2) that such disease or defect was "severe," or (3) that the disease or defect prevented him from being able "to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a). As such, the Court should preclude Defendant from introducing any evidence of insanity and from alluding to any such evidence during witness examination and/or argument. *See* FED. R. CRIM. P. 12.2(a) ("A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion . . . . A defendant who fails to do so cannot rely on an insanity defense.").

**IV.** **CONCLUSION**

    Based on the foregoing reasons, the United States respectfully moves the Court to enter an Order precluding Defendant from introducing any evidence of a mental disease or defect and from referencing any such evidence at trial (*i.e.*, cross-examination, testimony, or argument).

        Respectfully submitted,

        STEVEN M. DETTELBACH
        United States Attorney

By:   /s/ M. Kendra Klump
        M. Kendra Klump (CO: 43382)
        Michelle M. Baeppler (OH: 0065378)
        Assistant United States Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3689 / 3995
        (216) 522-2403 (facsimile)
        Kendra.Klump@usdoj.gov
        Michelle.Baeppler@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of August 2015 a copy of the foregoing document was filed electronically and mailed to Defendant Eric Gooch at Northeast Ohio Corrections Center, 2240 Hubbard Rd., Youngstown, OH 44501. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                      /s/ M. Kendra Klump
                                      M. Kendra Klump
                                      Assistant U.S. Attorney